IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTER WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-0904-N |
| | § | |
| CHASE HOME FINANCE LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Plaintiff Ester Williams's motion for a temporary restraining order [Doc. 11] and Defendants Chase Home Finance LLC ("Chase") and Deutsche Bank National Trust Company's ("Deusche Bank") motion to dismiss [7]. The Court denies Williams's motion and grants Defendants' motion. The Court also orders Williams and her counsel to show cause as specified below.

### I. THE PROPERTY DISPUTE

This case involves the mortgage on a home purchased by Williams in 2004 (the "Property"). In connection with the purchase, Williams obtained a loan from Long Beach Mortgage Company for 80% of the purchase price. According to her complaint, in 2008, Williams's interest rate increased and she fell behind on her mortgage payments. In 2009, the Property was subject to foreclosure sale, and Defendants moved to evict Williams. On January 13, 2015, Williams brought this action in state court and Defendants timely removed. In her live pleading, Williams asserts claims for slander of title and wrongful foreclosure,

violations of the Truth in Lending Act (TILA), violations of consumer financial protection bureau regulations and the national mortgage settlement rule, fraud, and suit to quiet title and trespass to try title. Defendants have moved to dismiss, and Williams has moved for a temporary restraining order to prevent her eviction.

## II. THE COURT DENIES WILLIAMS'S MOTION FOR A TEMPORARY RESTRAINING ORDER

As a threshold matter, the Court notes that it cannot nullify the judgment of possession. Under the *Rooker-Feldman* doctrine, a federal court lacks subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine only applies "when a plaintiff explicitly attacks the validity of a state court's judgment." *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 391 (5th Cir. 2012) (citing *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011)).

The state court issued a judgment of possession in favor of Defendants. A judgment of possession is presumptively a final judgment. *See Reyes v. Jimenez*, 2000 WL 377813, at *2 (Tex. App. – Amarillo 2000, no pet.) (not designated for publication) (finding, despite presumption, that judgment of possession was not final where trial court indicated it was not final); *City of Pasadena, Tex. v. De los Santos*, 1999 WL 339335, at *3–4 (Tex. App. – Houston [1st Dist.] 1999, pet. denied) (not designated for publication) (concluding that judgment of possession was final judgment). The Court concludes that, in this case, the

judgment of possession is a final judgment. Thus, to the extent the Williams seek to invalidate the judgment of possession, the Court lacks jurisdiction to do so. *See Chamberlain v. 625 Orleans, LP*, 2011 WL 1627080, at *4 (E.D. Tex. 2011) *report and recommendation adopted*, 2011 WL 1629648 (E.D. Tex. 2011).

Furthermore, the Anti-Injunction Act bars Williams's requested relief. In her request for a TRO, Williams asks this Court to (1) restrain Defendants from executing the Writ of Possession entered on May 11, 2015; and (2) enjoin Defendants from evicting Williams during the pendency of this action. Thus, the relief that Williams seeks would either stay the state court proceeding or, alternatively, "enjoin [the mortgage company] from enforcing a valid extant judgment of a Texas court." *Green v. Bank of Am., N.A.*, 2013 WL 2417916, at *1 (S.D. Tex. 2013) (quoting *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 2013 WL 617010 (5th Cir. 2013) (unpub. and per curiam)).[1] The Court cannot issue the requested relief.

The Anti-Injunction Act prohibits federal courts from interfering with state court proceedings "[1] except as expressly authorized by Act of Congress, or [2] where necessary

---

[1] In *Knoles*, the Fifth Circuit held that a federal district court could not enjoin eviction after the state Justice of the Peace Court had awarded the foreclosing bank the possessory right over the property in dispute. *Knoles*, 513 F. App'x at 415–16. Though the Fifth Circuit cited the Anti-Injunction Act as one basis for its decision, it also observed that "[i]n Texas, if a county court has ruled in a forcible detainer action that one party is entitled to possession, a state district court in a later suit regarding title does not have jurisdiction, prior to its final decree, to 'alter the status quo' by issuing 'an injunction restraining the enforcement' of the county court's judgment." *Id.* at 416 (quoting *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex. App. – San Antonio 1981, no writ)). Thus, the federal district court, by denying the injunction, "was giving the same deference to the county court judgment as would a Texas district court." *Id.*

in aid of its jurisdiction, or [3] to protect or effectuate its judgments." *See* 28 U.S.C. § 2283; *see also Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008) ("The Anti–Injunction Act generally prohibits federal courts from interfering with proceedings in state court." (quoting *Vines v. Univ. of La.*, 398 F.3d 700, 704 (5th Cir. 2005))).

None of these exceptions applies here. The Court is unaware of any congressional act that would authorize an injunction under these circumstances, and the Court has entered no judgment in this case. This case also does not fall within the in-aid-of-jurisdiction exception. This exception applies where a state court proceeding "threatens to dispose of property that forms the basis for federal *in rem* jurisdiction." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990) (quoting *Texas v. United States*, 837 F.2d 184, 186–87 n. 4 (5th Cir. 1988)). This is not an *in rem* action, however. "An *in rem* action is brought against 'property alone, treated as responsible for the claims asserted by . . . the plaintiffs. The property itself . . . is the defendant . . . and its forfeiture or sale is sought for the wrong. . . .' An *in personam* action, by contrast, determines a defendant's personal rights and liabilities." *Id.* (quoting *Freeman v. Alderson*, 119 U.S. 185, 187 (1886)). In addition to injunctive and declaratory relief, Williams seeks monetary damages for wrongs committed by Defendants. "This lawsuit is thus an ordinary *in personam* action, and the mere fact that debts secured by real property are at issue in the dispute does not transform it into an *in rem* proceeding." *Id.*

Because none of the exceptions applies, the Court cannot issue the relief requested by Williams.²

### III. THE COURT GRANTS DEFENDANTS' MOTION TO DISMISS

#### A. *Standard for Dismissal*

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations

---

²Even if the Court did have the ability to issue the TRO, Williams is not entitled to a TRO because she has not shown a likelihood of success on the merits of their claim. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (listing the required elements for a TRO). The underlying theory of Williams's claims relate to the validity of the foreclosure. As discussed below, res judicata bars these claims.

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss . . . ." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

### B. Res Judicata Standard

Under the principles of res judicata, a plaintiff cannot relitigate claims "that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

### C. Res Judicata Bars Williams's Claims

On January 22, 2013, Williams filed a lawsuit against Chase Home Finance, LLC and Deutsche Bank National Trust in the District Court of the 116th Judicial District of Dallas County, Texas. Defendants in that case timely removed the matter to the Northern District

of Texas. *See Williams v. Chase Home Fin. LLC, et al.*, Civil Action No. 13-CV-1307-G-BH (N.D. Tex. filed Mar. 29, 2013) (the "Previous Lawsuit").

The parties in both lawsuits are identical: the Plaintiff being Ester Williams, and the Defendants being Chase and Deutsche Bank. This Court, which was of competent jurisdiction, rendered a final judgment in the prior action. *See* Final Judgment, Sept. 22, 2014 [19], *in* the Previous Lawsuit. And the judgment was on the merits. *See* Order Accepting Findings and Recommendation of the United States Magistrate Judge, Sept. 22, 2014 [18], *in* the Previous Lawsuit. Thus, the only remaining issue is whether the same claim or cause of action is involved in both actions.

The Court uses a transactional test to determine whether two suits involve the same cause of action. As the Fifth Circuit has explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage . . . The critical issue is whether the two actions are based on the "same nucleus of operative facts."

*Test Masters*, 428 F.3d at 571 (internal citations omitted).

Here, both actions arise from the same nucleus of operative facts. In the Previous Lawsuit, Williams asserted claims for violations of the Texas Debt Collection Practices Act (TDCPA) and the Deceptive Trade Practices Act (DTPA), unreasonable collection efforts, gross negligence, quiet title, trespass to try title, violation of TILA and Regulation Z, and the

Real Estate Settlement Procedures Act (RESPA). Her claims arose from the mortgage and subsequent foreclosure of the Property at issue in the instant case. Any claims arising from the foreclosure at issue here should have been brought in the earlier lawsuit. Because all four elements of res judicata are satisfied, Williams's claims are barred by res judicata and the Court dismisses them with prejudice.

### IV. THE COURT ORDERS WILLIAMS AND SOCKS TO SHOW CAUSE

#### A. *Standard for Sanctions*

A district court has the authority to issue sua sponte sanctions against a party for conduct violative of Federal Rule of Civil Procedure 11(b). *See* FED. R. CIV. P. 11(c)(3). Under Rule 11(b), when an attorney or unrepresented party presents a pleading, motion, or other paper to the Court, he certifies that to the best of his knowledge, information, and belief,

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

Sanctions imposed for Rule 11 violations should in general be "the least severe sanction adequate to serve the purpose [of Rule 11]." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988). To impose sanctions under Rule 11, a district court must first issue a "show cause" order "describing the offending conduct and allow[ing] [the party] an opportunity to show cause why sanctions should not be imposed." *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999). Generally, the district court should also provide the party notice of the "precise sanctioning tool that the court intends to employ." *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995).

Apart from Rule 11, the Court also has inherent authority to impose sanctions. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).

> Because of the potency of inherent powers and the limited control of their exercise, however, they must be used with great restraint and caution. The threshold for the use of the inherent power sanction is high. Such powers may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ the least possible power adequate to the end proposed.

*Id.* (footnotes omitted) (internal quotation marks omitted). When relying on its inherent power to impose sanctions, the Court must make a specific finding of bad faith. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001). As is the case under Rule 11, before imposing sanctions in accordance with its inherent authority, the Court must afford the party notice and an opportunity to be heard. *Kenyon Int'l Emergency Servs., Inc. v. Malcolm*, 2013 WL 2489928, at *6 (5th Cir. 2013).

### B. *Williams's Violative Conduct*

The Court first turns to Williams's offending conduct. This action is one in a long line of cases involving the foreclosure sale of the Property and subsequent attempts at eviction. The precise details of this string of litigation need not be recounted at length, suffice it to say that Williams filed her complaint in this action pro se in state court on January 12, 2015 – less than one month after the Fifth Circuit dismissed her appeal of the Previous Lawsuit for want of prosecution. As articulated above, many of Williams's claims in this action have been adjudicated against her and res judicata bars all her asserted claims. Accordingly, the Court finds that in submitting the complaint Williams violated Rule 11(b)(2), which requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" FED. R. CIV. P. 11(b)(2); *In re Motion for Sanctions Against Meyers*, 2014 WL 1494099, at *9 (N.D. Tex. 2014), *supplemented*, 2014 WL 1910621 (N.D. Tex. 2014).

The timing of this case also indicates a violation of Rule 11(b)(1), which requires that the complaint "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" FED. R. CIV. P. 11(b)(1). Rather than prosecute the appeal of her Previous Lawsuit, Williams filed a new lawsuit in an apparent attempt to litigate the same facts. This suggests an improper purpose, specifically that Williams sought to frustrate and delay Defendants' repeated legal attempts to evict her from the Property by filing duplicative lawsuits in multiple forums and increasing

Defendants' litigation costs. It is this abuse of the judicial system that the Court believes supports a finding of bad faith and sanctions under the Court's inherent authority.

The Court orders Williams to show cause why she should not be sanctioned under Rule 11 or the Court's inherent authority for her conduct in filing this action.

### C. Sock's Violative Conduct

The Court now turns to the conduct of Emmanuel Ncube Socks, Williams's attorney. Socks made an appearance in this action on March 24, 2015 – after Williams filed her complaint pro se. The only filings that Socks submitted in this case – and that the Court can consider for the purposes of Rule 11 sanctions against him – are the response to the motion to dismiss and the application for a stay of execution.

By submitting the response to the motion to dismiss, the Court finds that Socks violated Rule 11. The entire response is a mere four pages and contains less than a page of argument. In the three paragraphs arguing against dismissal, Socks makes conclusory statements and cites absolutely no authority. One such statement – that "there is no substantial identity of the parties" – is patently false as the parties in both lawsuits are completely identical. Another statement – that "as only one of the three sets of state legislative elections scheduled to take place under these plans has yet occurred, Plaintiffs' claims are not too late" – is without apparent relevance as this case does not involve state legislative or election law. The Court is of the opinion that this filing violates Rule 11(b)(2)-(4).

Socks has also violated Rule 11 by submitting the application for a stay of execution. As described above, this request is wholly without merit under *Rooker-Feldman* and the Anti-Suit Injunction Act. Moreover, his request for preliminary injunctive relief makes absolutely no attempt to set forth the standard for such relief or meet that standard. *See Janvey*, 647 F.3d at 595 (listing the required elements). Accordingly, the Court finds Socks has violated Rule 11(b)(2) in submitting the request. Sock's conduct in submitting these filings also indicates abuse of the judicial system and possibly supports sanctions under the Court's inherent authority.

The Court orders Socks show cause why he should not be sanctioned under Rule 11 or the Court's inherent authority for his conduct in filing these submissions.

## CONCLUSION

For the foregoing reasons, the Court denies Williams's motion for a temporary restraining order and grants Defendants motion to dismiss. The Court orders Plaintiff and her counsel to show cause why they should not be sanctioned within twenty-one (21) days of the date of this Order.

Signed June 17, 2015.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 12